AFFIDAVIT OF SHEILA M. O'HARA          04-1788-CBS

I, Sheila M. O'Hara, being duly sworn, do state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been an ATF Special Agent for over 16 years, and during that time I have been involved in numerous investigations of violations of federal firearms laws. I am currently assigned to a group in the Boston Field Division of ATF that, in part, works with other federal, state and local police departments in and around the metropolitan Boston area to investigate and prosecute violations of federal firearms, explosives and controlled substance laws.

2. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms laws and know that it is a violation of Title 18, United States Code, Section 922(q)(1), to be a convicted felon in possession of a firearm or ammunition that has previously traveled in interstate commerce

3. The facts stated herein are based upon my personal involvement in this investigation and my discussions with other law enforcement officers involved with this investigation. In submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts that I believe are sufficient to establish the requisite probable cause.

4.     On Sunday, February 8, 2004, Detective Michael Turgeon, New Bedford Police Department ("NBPD"), Organized Crime and Intelligence Bureau, obtained a state warrant to search 11 Nye Street, second floor, New Bedford, MA for an illegally possessed firearm. The warrant was based on Confidential Informant ("CI") information. The CI had informed Detective Turgeon, in substance and among other things, that he had previously observed an individual identified as Stephen BRUM ("BRUM") in a second-floor apartment of 11 Nye Street in possession of a black semi-automatic handgun that had a removable magazine that came out of the bottom of the handle. The CI had further advised Detective Turgeon, among other things, that there were also bullets with this firearm.

5.     Later on Sunday, February 8, 2004, detectives from the NBPD Organized Crime and Intelligence Bureau, preparatory to executing the search warrant, conducted a surveillance of 11 Nye Street, New Bedford, MA. At approximately 7:30 PM, detectives observed BRUM exit 11 Nye Street, begin to walk west, and then suddenly enter the passenger side of a black Nissan Maxima that pulled up next to BRUM. Detectives boxed in the Maxima with police vehicles and then approached the motor vehicle with guns drawn, yelling for the occupants - BRUM and the driver, Eric Nelson ("Nelson") - to put their hands up. While Nelson

initially complied, when Detective Turgeon opened the driver's door Nelson reached behind his back toward a back pocket, which ultimately proved to contain a knife. As Detective Turgeon brought Nelson under control, Detective John Pereira ordered BRUM to exit the car. While BRUM initially refused to do so, he ultimately complied. While pat frisking BRUM, Detective Pereira located a hard object in BRUM's right front pants pocket. Detective Pereira removed the object, a Smith and Wesson, model 908, 9mm semi-automatic pistol, serial number TDT5421US, loaded with seven rounds of 9mm ammunition in the magazine, from BRUM's right front pocket. BRUM was arrested for unlawful carrying and possession of a firearm.

6. I have reviewed the computer printout from the Massachusetts Criminal History Board for BRUM, which reflects several felony convictions prior to February 8, 2004 for crimes I know to be punishable by terms of imprisonment exceeding one year within the meaning of Title 18, United States Code, Section 921(a)(20). More specifically, BRUM was convicted, among other things, of Breaking and Entering (B&E) in the Daytime with Intent to Commit a Felony and Larceny from a Building in Barnstable Superior Court on August 25, 1994 and received a 9-10 year split sentence, with five years to serve, on the B&E conviction, and a 3-5 year sentence on the Larceny from a Building conviction.

3

BRUM was also convicted, among other things, of three counts of Assault and Battery with a Dangerous Weapon in New Bedford District Court on April 21, 1994 and received a one-year, committed sentence.

7.  Investigation to date has not determined that the Smith and Wesson semi-automatic pistol recovered from BRUM's right front pocket ever traveled in interstate commerce. ATF Special Agent Angelo Thurman, an expert in interstate nexus, has, however, told me, based on a description of the headstamps appearing on the seven rounds of ammunition recovered from the magazine of the Smith and Wesson firearm, that none of said rounds were manufactured in the Commonwealth of Massachusetts. Accordingly, each of the seven rounds of ammunition traveled in interstate commerce prior to February 8, 2004.

8.  Based upon all of the foregoing information, I believe probable cause exists to conclude that on February 8, 2004, Stephen BRUM, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did

possess seven rounds of ammunition in or affecting commerce, in violation of Title 18, United States Code, Section 922(g)(1).

                                        Sheila M. O'Hara
                                        Special Agent
                                        Bureau of Alcohol, Tobacco,
                                        Firearms and Explosives

Subscribed and sworn to before me this 22nd day of June, 2004.

CHARLES B. SWARTWOOD, III
UNITED STATES MAGISTRATE JUDGE

5